IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Jacqueline Alewine, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:22-03069-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Walmart, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Walmart, Inc.'s ("Walmart") partial motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After review, the court dismisses Walmart's motion as moot.

An amended complaint ordinarily supersedes the original and renders it of no legal effect. Young v. City of Mount Rainier, 238 F.3d 567, 573 (4th Cir. 2001). Therefore, a defendant's previous motion to dismiss becomes moot when a plaintiff files an amended complaint. See Sennott v. Adams, No. 6:13-cv-02813-GRA, 2014 WL 2434745, at *3 (D.S.C. May 29, 2014) (unpublished) ("Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint."). In this case, Walmart filed the instant motion to dismiss on September 12, 2022. (Def. Partial Mot. Dismiss, ECF No. 6.) On September 15, 2022, Plaintiff filed an amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (Am. Compl., ECF No. 8.) Based on the foregoing, Walmart's motion to dismiss is moot.[1]

---

[1] If so desired, Walmart may file a new motion to dismiss within the time frame allotted by the Federal Rules of Civil Procedure. Sennott, 2014 WL 2434745, at *3.

1

It is therefore

**ORDERED** that Walmart's motion to dismiss, docket number 6, is dismissed as moot.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 15, 2022