IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jacqueline Alewine, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 8:22-03069-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Wal-Mart Stores East, LP, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Wal-Mart Stores East, LP's ("Wal-Mart") partial motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court denies Wal-Mart's partial motion to dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Alewine filed the complaint in this action in Anderson County, South Carolina Court of Common Pleas. Wal-Mart removed the action to this court on September 12, 2022. (Not. Removal, ECF No. 1.) Alewine filed an amended complaint on September 15, 2022. (Am. Compl., ECF No. 8.) In her amended complaint, Alewine alleges as follows:

> [On October 12, 2021], the Plaintiff, accompanied by a family member and family friend, were shopping for a period of time[ ] during normal business hours[ ] in the Defendant store when Plaintiff proceeding [sic] to the restroom area at the front of the store. The restroom Plaintiff was seeking to use is provided by Defendant for use by customers. The Plaintiff was met by a store employee and physically blocked from entering the Women's restroom. Upon information and belief, the Defendant employee was in the process of cleaning the restroom or had just finished cleaning the restroom and refused to allow Plaintiff to enter the restroom. Upon information and belief, Defendant employee refused to allow Plaintiff to

1

enter the restroom even though there was already another shopper using the restroom and ordered Plaintiff to go to another bathroom in another part of the store.  Plaintiff advised Defendant employee that it was an emergency[,] that she could not make it to another part of the store, that she required immediate access to the restroom[ ] or she was going to have an accident.  Defendant employee continued to physically restrain Plaintiff from entering the Women's restroom by pushing a buggy against Plaintiff. As a result of the actions taken by the Defendant, by and through their employee or agent, Plaintiff injured her upper extremity and unfortunately soiled herself.  As a result, Plaintiff suffered physical injury and severe mental and emotional trauma.

(Id. ¶ 7, ECF No. 8.)  Alewine alleges that Wal-Mart was negligent

- (a) In failing to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendant knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;
- (b) In failing to exercise the degree of care and prudence which would reasonably be expected under the circumstances;
- (c) Was otherwise careless and negligent in the operation of its premises.
- (d) In physically restraining customers from entering bathrooms that are provided by the Defendant for customer use;
- (e) In failing to properly train Defendant employees;
- (f) In additional failures to be determined and proven at trial.

(Id. ¶ 9, ECF No. 8.)  Wal-Mart filed the instant partial motion to dismiss on September 26, 2022, arguing that Alewine's negligence claim for "failing to provide her access to a restroom when Plaintiff communicated that she had an urgent need" must be dismissed because "Walmart had no duty to provide access to a restroom in its store, much less access to a specific restroom within the store." (Mot. Dismiss 4-5, ECF No. 14.) Alewine filed a response in opposition on October 11, 2022.  (Resp. Opp'n, ECF No. 16.) Wal-Mart filed a reply on October 18, 2022.  (Reply, ECF No. 17.)  This matter is ripe for review.

## II. DISCUSSION OF THE LAW

### A. Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Negligence Claim

Alewine has alleged a claim for negligence against Wal-Mart.

> To prove negligence, a plaintiff must prove the following elements: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty by the defendant, and (3) damages proximately resulting from the breach of duty. The court must determine, as a matter of law, whether the law recognizes a particular duty. If there is no duty, then the defendant in a negligence action is entitled to a judgment as a matter of law.

3

Hurst v. E. Coast Hockey League, Inc., 637 S.E.2d 560, 562 (S.C. 2006) (internal citations omitted). "A merchant is not an insurer of the safety of his customers but rather owes them the duty to exercise ordinary care to keep the premises in a reasonably safe condition." Denton v. Winn-Dixie Greenville, Inc., 439 S.E.2d 292, 293 (S.C. Ct. App. 1993). "Whether a defendant provided reasonably safe premises to an invitee is a jury question." Moore v. Levitre, 365 S.E.2d 730, 730 (S.C. 1988). However, "[t]he landowner has a duty to warn an invitee only of latent or hidden dangers of which the landowner has knowledge or should have knowledge." Larimore v. Carolina Power & Light, 531 S.E.2d 535, 538 (S.C. Ct. App. 2000). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." Id. at 540 (quoting Breeden v. Hardy Corp., 562 So.2d 159, 160 (Ala. 1990)). A landowner is not liable for open and obvious dangers unless the landowner "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, . . . or fail to protect himself against it." Callander v. Charleston Doughnut Corp., 406 S.E.2d 361, 363 (S.C. 1991) (internal quotation marks omitted) (alteration in original).

Wal-Mart moves to dismiss Alewine's negligence claim "to the extent it claims negligence related to the alleged unavailability of a restroom and seeks damages related to alleged mental and emotional trauma from Plaintiff's soiling her clothing." (Reply 1, ECF No. 17.) Research revealed no South Carolina case law addressing whether an invitor owes an invitee a duty in negligence to provide a restroom or a specific restroom to an invitee. However, Alewine argues that Wal-Mart:

4

>   has openly willfully created . . . a legal duty, between itself and its customers . . . [that] employees should act in such a reasonable manner as to not cause customers injuries when they are trying to use a restroom located in the Defendant['s] store that Defendant freely, voluntarily, and willfully provides for the benefit of its customers.

(Resp. Opp'n 4-5, ECF No. 16.) The amended complaint does not allege that Alewine's injuries, including soiling herself, occurred solely because a restroom was unavailable. In contrast, the amended complaint states that Wal-Mart's employee physically restrained and pushed a cart into Alewine to prevent her from accessing an allegedly available restroom causing Alewine to injure her upper extremity and soil herself. (Am. Compl. ¶¶ 7-8, ECF No. 8.)[1] Based on the allegations of the amended complaint, Alewine has sufficiently stated a claim for negligence.

Therefore, it is

**ORDERED** that Wal-Mart's partial motion to dismiss, document number 14, is denied.

**IT IS SO ORDERED**.

>   s/Henry M. Herlong, Jr.
>   Senior United States District Judge

Greenville, South Carolina
October 19, 2022

---

[1] Wal-Mart disputes that the restroom was available at the time of the incident. (Reply 4-5, ECF No. 17.) However, this is a factual dispute that cannot be resolved at the motion to dismiss stage.

5